OPINION
Joel D. Lewis, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. Appellant asserts the following assignment of error:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
Appellant was indicted on one count of felonious sexual penetration and one count of gross sexual imposition. The jury returned a guilty verdict and appellant was sentenced to life imprisonment. Upon appeal, the conviction was reversed. On remand, appellant entered a guilty plea to a lesser-included offense of attempted felonious sexual penetration. Appellant was sentenced to two to fifteen years imprisonment.
After the enactment of H.B. No. 180, the Ohio Department of Rehabilitation and Correction recommended that appellant be adjudicated a "sexual predator" subject to the registration and notification requirements of R.C. Chapter 2950. The matter came on for an evidentiary hearing before the judge who had conducted the trial of appellant in 1992. After an unusual "evidentiary hearing" in which no testimony was presented, the trial court found appellant to be a sexual predator. Upon appeal, we reversed and remanded the cause to the trial court with instructions to conduct a new hearing and to issue a new decision, which contains a discussion and analysis of the factors to support the trial court's determination.
On remand, the state introduced three documents: the indictment; the entry of conviction; and the trial transcript. Appellant testified in his own behalf. He is in the honor camp at Ross Correctional Institution. Since his imprisonment, he has completed a GED program and has been enrolled in a program at Wilmington College. He has completed a vocational program and programs in stress management, anger management, victim awareness and moral awareness. He is currently tutoring at Ross Correctional. His only disciplinary violation was for not being where he was supposed to be. Appellant has not been through sex offender counseling and denies engaging in sexual conduct with the victim, although he entered a guilty plea to attempted felonious sexual penetration.
Following the remand, the trial court issued essentially the same decision as prior to the remand, although this time there was evidence of what had taken place since the trial transcript was before the court and the trial court did not rely solely on her own memory or responses to questions posed to counsel. The court stated as follows in support of its finding that appellant is a sexual predator as defined by statute:
 After careful review of all of the evidence stipulated and/or admitted at the hearing, the Court does find by clear and convincing evidence the Defendant to be a Sexual Predator. The Defendant has not participated in any sexual offender counseling programs and continues to deny offense occurred. His attitude and demeanor have not changed since the original trial. The transcript of the original trial is admitted as State's Exhibit 3. The Court has reincorporated by reference all of the factors under O.R.C. Section 2950.09 (B) (2) (A)-(J) from the original hearing and decision and entry dated June 8, 1999. This Court respectfully disagrees with the Court of Appeals contention that the original hearing and Entry lacks reasoning to support its conclusion. All the evidence admitted, including the trial transcript, and the Defendant's own statements at the instant hearing, clearly demonstrate he will be at risk of re-offending because of his total lack of acknowledgement of the crime and failure to attend any sexual-offender counseling. * * *
The court referred to its discussion of the factors in R.C.2950.09(B)(2)(a) through (j) from its decision of June 8, 1999. The significant facts include evidence that appellant, while babysitting the children of his girlfriend, awoke a ten-year-old girl while others were sleeping and told her to come with him. She followed him downstairs. As she started to fall back asleep on the couch, appellant pulled her shorts and panties down to her ankles and began to touch her vaginal area, sticking his finger in her vagina. Appellant told her to be quiet and threatened to kill everyone in the house if she told. Taking the threat seriously, she did not resist. Appellant admitted that the girl's mother had entrusted her children's safety with him but denied violating that trust, claiming that he did not engage in any improper conduct with the girl.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Although this standard looks towards appellant's propensity to engage in future behavior, a trier of fact can look at past behavior as well, since past behavior is often an important indicator of future propensity. See Kansas v. Hendricks (1997), 51 U.S. 346, 358. In determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including but not limited to the factors set forth in R.C. 2950.09(B)(2). These factors are guidelines for the court to consider and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator.
The state is required to prove the offender's propensity to engage in one or more future sex offenses by clear and convincing evidence. R.C.2950.09(C)(2). Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122.
R.C. 2950.02(B)(2)(a) (j) provides a non-exhaustive list of factors for the court to consider in determining the future likelihood of appellant's engaging in one or more sexually oriented offenses. Those factors are as follows:
 (B)(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The factors herein that indicate that appellant is likely to engage in the future in one or more sexually oriented offenses are as follows: (1) the victim was only ten at the time of the offense; (2) appellant was in a position of trust, as he was an adult to whom the mother had entrusted her children, including the victim; and (3) appellant made threats of cruelty during the commission of the sexual offense by threatening to kill everyone in the house if the victim told on him.
Additional factors, which may be considered, are that, while appellant pled guilty to the offense of attempted felonious sexual penetration, appellant has always denied any contact with the victim whatsoever. Furthermore, whether available or not, appellant has not had the benefit of sexual offender counseling.
The favorable factors for appellant primarily are a lack of prior criminal activity, his excellent prison record and the attempt to educate himself for employment after he is released from prison. While those factors are all commendable, they have little relevance to the likelihood of appellant to commit future sexual offenses since highly educated persons who have that predilection, particularly with minors, are not necessarily reformed by their education in other areas.
The jury in the first trial believed, and the trial court was entitled to believe, that the ten-year-old victim was telling the truth. That testimony shows that she was sexually assaulted without any apparent reason, other than the predilection of appellant while she was in the custody of appellant. It further shows that appellant threatened to kill the other children in the house if she said anything. This evidence constitutes serious indications of a predilection that needs dealt with and there is no evidence that it has been dealt with, either in appellant's mind or in any counseling that might give him success in this regard. The trial court was justified in finding that appellant was proved to be a sexual predator by clear and convincing evidence and that the mitigating factors were not sufficient to outweigh the factors that indicate that appellant is likely to engage in the future in one or more sexually oriented offenses.
The judgment of the trial court is not against the manifest weight of the evidence. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
 ______________ McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
TYACK and LAZARUS, JJ., concur.